UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 06 2012   ★

LONG ISLAND OFFICE

BASHIE LOWENBEIN AND YOSEF LOWENBEIN
on behalf of themselves and
all other similarly situated consumers

                Plaintiffs,

      -against-

NCO FINANCIAL SYSTEMS, INC.

              Defendant.

---------------------------------------------------------

**CV-12 3354**

**KUNTZ, J.**

**AZRACK, M.**
**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiffs Bashie lowenbein and Yosef Lowenbein seek redress for the illegal practices of NCO Financial Systems, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"), and the Telephone Communications Privacy Act.

### Parties

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.  Upon information and belief, Defendant's principal place of business is located within Horsham, Pennsylvania.

6.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Bashie lowenbein and Yosef Lowenbein

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiffs' answering machine on numerous occasions.

12. On seventy six (76) occasions within the past year, Defendant made seventy six (76) calls to an unauthorized wireless number belonging to Plaintiffs.

13. Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiffs.

14. The callers failed to identify themselves as debt collectors attempting to collect a debt.

15. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

-2-

16.     Defendant has engaged in a pattern of leaving messages without disclosing that the
        communication is from a debt collector.

17.     The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11)
        for failing to indicate that the messages were from a debt collector which constitutes a
        deceptive practice.

18.     Defendant caused Plaintiffs to incur charges for Defendant's collection communications
        when Plaintiffs had no reason to know the communication's purpose.

19.     Defendant was prohibited from placing a call that will cause a charge to the Plaintiffs
        without having notified Plaintiffs to expect it and without having announced its
        collection purpose.

20.     Defendant called Plaintiffs' wireless phone number and Plaintiffs were charged a toll on
        all those incoming calls.

21.     Plaintiffs were not alerted to the calls beforehand.

22.     The said telephone messages are in violation of the Fair Debt Collection Practices Act,
        15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves
and the members of a class, as against the Defendant.*

23.     Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1)
        through twenty two (22) as if set forth fully in this cause of action.

24.     This cause of action is brought on behalf of Plaintiffs and the members of two classes.

25.     Class A consists of all persons: (a) whom Defendant's records reflect resided within the
        State of New York who received telephonic messages from Defendant within one year
        prior to the date of the within complaint up to and including the date of the filing of this
        Complaint; (b) involving telephone messages which were placed without setting forth
        that the communication was from a debt collector; and (c) that the telephone messages
        were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

26.     Class B consists of all persons whom Defendant's records reflect resided in New York
        and were left telephonic messages from Defendant within one year prior to the date of
        the within complaint up to the date of the filing of the complaint; (a) the telephone
        messages were placed to a service where the consumers were charged for the calls, and
        (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action-n is appropriate and
        preferable in this case because:

        (a)     Based on the fact that form telephonic messages are at the heart of this litigation,
                the class is so numerous that joinder of all members is impracticable.

        (b)     There are questions of law and fact common to the class and these questions
                predominate over any question(s) affecting only individual class members. The
                principal question presented by this claim is whether the Defendant violated the
                FDCPA.

        (c)     The only individual issue involves the identification of the consumers who
                received such collection letters (*i.e.* the class members). This is purely a matter
                capable of ministerial determination from the records of the Defendant.

-4-

(d)     The claims of the Plaintiffs are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiffs will fairly and adequately represent the class members' interests.  The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

28.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.   If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

32.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs

        and the members of the class are entitled to damages in accordance with the Fair Debt

        Collection Practices Act.

THEREFORE, Plaintiffs, respectfully request that this Court enter judgment in Plaintiffs' favor and

against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

        And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

        circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiffs*

33.     Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs 1-8 as if set

        forth fully in this Cause of Action.

34.     The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating eventy six (76)

        telephone calls to the Plaintiffs' wireless telephone number using an artificial and/or pre-

        recorded voice to deliver messages without having the consent of the Plaintiffs to leave

        such messages.

35.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically

        the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded

        messages that have been unleashed against Plaintiffs by Defendant.

36. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiffs had not consented to the use of the wireless telephone number at issue where the Plaintiffs were charged for each call.

37. Each call is a separate violation and entitles Plaintiffs to statutory damages against Defendant in the amount of $500.00 per call.

38. Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agencies have willfully or knowingly violated the TCPA simply by calling any Plaintiffs on their cell phones using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### Violations of the Telephone Communications Privacy Act

40. The actions of the Defendant violate the TCPA.

41. Because the Defendant intentionally violated the TCPA, the Plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

-7-

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
July 5, 2012

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

-8-