UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIE LOWENBEIN AND YOSEF LOWENBEIN on behalf of themselves and all other similarly situated consumers,<br><br>     Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>     Defendant. | **Civil Action No.: 1:12-cv-3354** |

**NCO FINANCIAL SYSTEMS, INC.'S ANSWER
TO CLASS ACTION COMPLAINT**

  NOW COMES defendant NCO FINANCIAL SYSTEMS, INC. ("NCO"), by and through undersigned counsel, and for its Answer to plaintiffs' Class Action Complaint, states as follows:

**INTRODUCTION**

  1. NCO admits that plaintiffs purport to bring an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

**PARTIES**

  2. NCO denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

  3. NCO denies the allegations in ¶ 3 as calling for a legal conclusion.

  4. NCO denies the allegations in ¶ 4 as calling for a legal conclusion.

5. NCO admits the allegations in ¶ 5.

6. NCO admits only that as part of its business it provides debt collection services to third-parties. Except as specifically admitted, NCO denies the allegations in ¶ 6.

7. NCO admits that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 7.

## JURISDICTION AND VENUE

8. NCO admits the allegations in ¶ 8 for jurisdiction purposes only.

9. NCO admits the allegations in ¶ 9 for venue purposes only.

## ALLEGATIONS PARTICULAR TO BASHIE LOWENBEIN AND YOSEF LOWENBEIN

10. NCO admits that it was retained to collect a debt owed by plaintiffs. Except as specifically admitted, the allegations in ¶ 10 are denied.

11. NCO admits only that its records reflect that it left messages for plaintiffs. Except as specifically admitted, the allegations in ¶ 11 are denied.

12. NCO denies the allegations in ¶ 12.

13. NCO denies the allegation in ¶ 13 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial, and as the terms auto-dialer and pre-recorded messages are undefined and subject to numerous interpretations.

14. NCO denies the allegations in ¶ 14 for lack of knowledge or information

15. NCO denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

16. NCO denies the allegations in ¶ 16.

17. NCO denies that it violated the statute sections set forth in ¶ 17.

18. NCO denies the allegations in ¶ 18.

19. NCO denies that it placed calls to plaintiff that caused a charge to plaintiff, and therefore denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20.

21. NCO denies that it had an obligation to alert plaintiffs to any calls it might receive from Defendant, and therefore denies the allegations in ¶ 21.

22. NCO denies the allegations in ¶ 22.

## AS AND FOR A FIRST CAUSE OF ACTION

23. NCO repeats and reiterates its answer to the allegations in ¶¶ 1 through 22 as if same were set forth herein at length.

24. NCO admits plaintiffs purport to bring this action as a class action but denies it meets the requirements of Fed. R. Civ. P. 23.

25. NCO denies the allegations in ¶ 25.

26. NCO denies the allegations in ¶ 26.

27. NCO denies the allegations in ¶ 27, including sub-parts (a) through (e).

28. NCO denies the allegations in ¶ 28.

29. NCO denies plaintiffs will discover facts that will enable them to seek to certify a class.

30. NCO denies the allegations in ¶ 30 as calling for a legal conclusion.

31. NCO denies the allegations in ¶ 31.

32. NCO denies the allegations in ¶ 32.

## AS AND FOR A SECOND CAUSE OF ACTION

33. NCO repeats and reiterates its answer to the allegations in ¶¶ 1 through 32 as if same were set forth herein at length.

34. NCO denies the allegations in ¶ 34.

35. NCO denies the allegations in ¶ 35.

36. NCO denies that it violated the TCPA as attributed to it and thus denies the allegations in ¶ 36.

37. NCO denies the allegations in ¶ 37 as calling for a legal conclusion.

38. NCO denies the allegations in ¶ 38 as calling for a legal conclusion.

39. NCO denies the allegations in ¶ 39.

40. NCO denies the allegations in ¶ 40.

41. NCO denies the allegations in ¶ 41.

AND NOW, in further Answer to the Class Action Complaint, NCO FINANCIAL SYSTEMS, INC. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiffs' Class Action Complaint fails to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiffs was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Assuming plaintiffs suffered any damages, plaintiffs have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages

### FIFTH AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiffs are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, one or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, the phone calls made by NCO are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

### EIGHTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, plaintiffs have a business relationship with the creditor, and this business relationship extends to NCO, the creditor's debt collector.

### NINTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, plaintiffs consented to receiving calls for the account at issue.

### TENTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, NCO called plaintiffs on the number that plaintiffs gave to the creditor.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent NCO called plaintiffs, NCO called plaintiffs on the number that the creditor gave to NCO.

### TWELFTH AFFIRMATIVE DEFENSE

The Hobbs Act, 28 U.S.C. § 2342, bars this Court from overruling the FCC Orders, which exempt the calls from the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs fail in whole or in part to satisfy the requirements for a class action.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

WHEREFORE, defendant NCO FINANCIAL SYSTEMS, INC. respectfully requests this Answer be deemed good and sufficient, Plaintiffs' lawsuit be dismissed with prejudice at Plaintiffs' costs pursuant to Federal and State law, Plaintiffs be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Dated: September 11, 2012   Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 11th day of September 2012, a copy of **NCO Financial Systems, Inc.'s, Answer to Plaintiffs' Class Action Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiffs' counsel as described below. Parties may access this filing through the Court's system.

> Adam J. Fishbein, Esq. (AF-9508)
> 483 Chestnut Street
> Cedarhurst, NY  11516
> Tel.: (516) 791-4400
> Fax.: (516) 791-4411
> fishbeinadamj@gmail.com
> Attorney for Plaintiffs

> By:  /s/ Aaron R. Easley
> Aaron R. Easley, Esq.
> Attorney for Defendant
> NCO Financial Systems, Inc.